Alan WEINREB, Esq. (AW-9361)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TOINY LLC,                                                                    Civil Action No.:

                              Plaintiff,

              -against-

CAROL GILL AS HEIR AND DISTRIBUTEE OF
THE ESTATE OF EUGENE CLEMENT A/K/A
EUGENE ROBERT CLEMENT, JARED CLEMENT
AS HEIR AND DISTRIBUTEE OF THE ESTATE OF
EUGENE CLEMENT A/K/A EUGENE ROBERT
CLEMENT, NEKISHA CLEMENT AS HEIR AND
DISTRIBUTEE OF THE ESTATE OF EUGENE
CLEMENT A/K/A EUGENE ROBERT CLEMENT,
JEWEL CLEMENT AS HEIR AND DISTRIBUTEE
OF THE ESTATE OF EUGENE CLEMENT A/K/A
EUGENE ROBERT CLEMENT, CRIMINAL COURT
OF THE CITY OF NEW YORK, SUPREME COURT
OF THE STATE OF NEW YORK, COUNTY OF
KINGS, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, 585 LEX CORP.,
FANTASIA HUNT,
                              Defendants.
------------------------------------------------------------X

## COMPLAINT

        TOINY LLC, ("Plaintiff") by and through its attorneys, The Margolin & Weinreb Law

Group, LLP, as and for its Complaint to foreclose the premises and mortgage against Carol Gill as

Heir and Distributee of the Estate of Eugene Clement a/k/a Eugene Robert Clement, Jared Clement

as Heir and Distributee of the Estate of Eugene Clement a/k/a Eugene Robert Clement,  Nekisha

Clement as Heir and Distributee of the Estate of Eugene Clement a/k/a Eugene Robert Clement,

1

Jewel Clement as Heir and Distribute of the Estate of Eugene Clement a/k/a Eugene Robert Clement, Criminal Court of the City of New York, Supreme Court of the State of New York, New York City Environmental Control Board, New York City Transit Adjudication Bureau, 585 Lex Corp., and Fantasia Hunt (together collectively referred to as the Defendants), respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.     This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1301 *et seq.*, to foreclose a mortgage encumbering the property commonly known 585 Lexington Avenue, Brooklyn, New York 11221 also known as Block: 1619; Lot: 71 on the Kings County Tax Map (the "Property").  The legal description of the Property is attached as **Exhibit A**.

### PARTIES

2.     TOINY LLC, is a limited liability company organized under Delaware law with its principal place of business located at 2424 East York Street, Suite 316, Philadelphia, PA 19125.

3.     TOINY LLC, is a single-member limited liability company.

4.     TOINY LLC's single member is an individual who is a citizen of the Kingdom of Morrocco.

5.     TOINY LLC is the owner and holder of the Note and Mortgage.

6.     Defendant Carol Gill as Heir and Distributee of the Estate of Eugene Clement a/k/a Eugene Robert Clement, having an address at 828 East 48th Street, Brooklyn, New York 11203, and as such, for diversity purposes, is a citizen of New York.

7.     Defendant Carol Gill is a necessary party-defendant to this action because she is an Heir and Distibutee of the Estate of Eugene Clement a/k/a Eugene Robert Clement.

2

8.      Defendant Jared Clement as Heir and Distributee of the Estate of Eugene Clement a/k/a Eugene Robert Clement, having an address at 828 East 48th Street, Brooklyn, New York 11203, and as such, for diversity purposes, is a citizen of New York.

9.      Defendant Jared Clement is a necessary party-defendant to this action because he is an Heir and Distibutee of the Estate of Eugene Clement a/k/a Eugene Robert Clement.

10.      Defendant Nekisha Clement as Heir and Distributee of the Estate of Eugene Clement a/k/a Eugene Robert Clement, having an address at 585 Lexington Ave, Brooklyn, New York 11221, and as such, for diversity purposes, is a citizen of New York.

11.      Defendant Nekisha Clement is a necessary party-defendant to this action because she is an Heir and Distributee of the Estate of Eugene Clement a/k/a Eugene Robert Clement.

12.      Defendant Jewel Clement as Heir and Distributee of the Estate of Eugene Clement a/k/a Eugene Robert Clement, having an address at 2016 South Abercorn Circle, Boynton Beach, FL 33436, and as such, for diversity purposes, is a citizen of Florida.

13.      Defendant Jewel Clement is a necessary-party defendant to this action because she is an Heir and Distribute of the Estate of Eugene Clement a/k/a Eugene Robert Clement.

14.      Defendant Criminal Court of the City of New York, having an address at 120 Schermerhorn Street, Brooklyn, New York 11201.  As such, for purposes of diversity jurisdiction, the Criminal Court of the City of New York is a citizen of New York State.

15.      Defendant Criminal Court of the City of New York is a necessary party to this action based on certain liens/judgment, which liens/judgments are subordinate to Plaintiff's Mortgage.

16.      Defendant Supreme Court of the State of New York, County of Kings, having an address at 320 Jay Street, Brooklyn, New York 11201.  As such, for purposes of diversity

3

jurisdiction, the Supreme Court of the State of New York, County of Kings is a citizen of New York.

17.    Defendant Supreme Court of the State of New York, County of Kings is a necessary party to this action based on certain liens/judgment, which liens/judgments are subordinate to Plaintiff's Mortgage.

18.    Defendant New York City Environmental Control Board was established under § 1404 of the New York City Charter and operates as an administrative tribunal of the City of New York.  As such, for purposes of diversity jurisdiction, the ECB, with its principal place of business located at 1250 Broadway, 7th Floor, New York, New York 10001, is a citizen of New York State.

19.    New York City Environmental Control Board is a necessary party-defendant to this action based on certain liens/judgments, which liens/judgments are subordinate to Plaintiff's Mortgage.

20.    Defendant New York City Transit Adjudication Bureau is an administrative tribunal responsible for processing summonses to individuals who have violated one or more of the rules governing conduct in the use of subway or bus facilities of the New York Transit System. For purposes of diversity jurisdiction, the Transit Adjudication Bureau has its principal place of business located at 29 Gallatin Place, 3rd Floor, Brooklyn, New York 11201, and is a citizen of New York State.

21.    New York City Transit Adjudication Bureau is a necessary-party defendant to this action based on certain liens judgments which are subordinate to Plaintiff's Mortgage.

22.    Defendant 585 Lex Corp., is a Corporation with its principal place of business located at P.O. Box 50264, Brooklyn, New York 11205, which, for purposes of diversity jurisdiction, is a citizen of New York State.

4

23.    Defendant 585 Lex Corp. is a necessary party-defendant because to this action based on a certain judgment, which judgment is subordinate to the Plaintiff's Mortgage.

24.    Defendant Fantasia Hunt, having an address at 727 East 46th Street, Brooklyn, New York 11203, and as such, for diversity purposes, is a citizen of New York.

25.    Defendant Fantasia Hunt is a necessary party to this action because she is a plaintiff in an action under index number 8732/15 in the Supreme Court of the State of New York, County of Kings.

26.    Each of the above-named defendants has, or claimed to have or may claim to have, some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the mortgage lien.

## JURISDICTION AND VENUE

27.    This action is between citizens of different states.

28.    The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

29.    Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

30.    Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

31.    A substantial part of the events giving rise to this action took place within this Court's jurisdiction and the Property is located in this District.

## FACTUAL BACKGROUND

32.    On June 15, 2006, Eugene Clement ("Mortgagor") executed a Note to Mortgage Lenders Network USA, INC., whereby it loaned to Eugene Clement and Eugene Clement agreed to repay, the sum of $144,000.00 plus interest.  A copy of the Note with Endorsements and corresponding allonges are attached hereto as **Exhibit B**.

33.     To secure the repayment of the Note, Mortgagor executed a Mortgage to Mortgage Electronic Registration Systems as Nominee for Mortgage Lenders Network USA, Inc.   The applicable mortgage tax was paid.  See Recorded Mortgage at **Exhibit "C"**.

34.     Plaintiff is in physical possession and is the owner and holder of the Note and Mortgage.   To-date, Plaintiff remains the owner and holder of the Note and Mortgage.

35.     Mortgagor has failed to comply with the terms and provisions of the Mortgage by failing to pay the installment balance due on the first day of January 1, 2011 and the default continues to date.

36.     Mortgagor passed away on May 31, 2011. An Administration proceeding was commenced in Kings County Surrogate's Court with file number 2011-2195/A. Defendants Carol Gill, Jared Clement, Nekisha Clement and Jewel Clement were named as the Heirs to Mortgagor in the Petition for Administration filed with the Kings County Surrogate's Court.

37.     Plaintiff has complied with the contractual provisions contained in the Mortgage in that a 30-day notice to cure was mailed on August 4, 2016 (the "Default Notice") advising Mortgagor that Plaintiff has the option to accelerate the loan and that because of the continuing default under the Note and Mortgage, Plaintiff declared that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.  A copy of the Default Notice with proof of mailing is attached as **Exhibit "D"**.

38.     Although not required to send 90-day notices pursuant to RPAPL §1304, Plaintiff mailed out 90-day notices on August 4, 2016 by First Class Mail and Certified Mail.  A copy of the 90-Day Pre-Foreclosure Notice pursuant to RPAPL §1304 is attached hereto as **Exhibit "E"**.

39.     Pursuant to RPAPL §1302 as amended, Plaintiff has complied with all the provisions of §§595a and 6-1 of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

40.     As of the date herein, Mortgagor has failed to respond to the Default Notice.

41.     Due to the above-described default, Mortgagor is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for the unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges totaling $241,615.90 as of August 4, 2016 (*See* **Exhibit "E".**)

42.     Due to the above-described default, Mortgagor is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full.

43.     Due to the above-described default, Mortgagor is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

44.     Plaintiff requests that if this action proceeds to Judgment of Foreclosure and Sale, the Property should be sold subject to the following:

   a.   Any state of facts that an inspection of the Property would disclose.

   b.   Any state of facts that an accurate survey of the Property would show.

   c.   Covenants, restrictions, easements and public utility agreements of record, if any.

   d.   Building and zoning ordinances of the municipality in which the property is located and possible violations of same.

  e. Any right of tenants or person in possession of the Property.

  f. Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

  g. Prior lien(s) of record, if any.

45. If Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

46. Plaintiff shall not be deemed to have waived, altered, released, or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

47. A prior action or proceeding under action No.: 17-cv-01584 was commenced for the foreclosure of the Mortgage or for recovery of the said sum secured by the Note and Mortgage or any part thereof, but same was subsequently discontinued  pursuant to Fed R. Civ. P. 41(a)(1)(A)(i).

**WHEREFORE**, Plaintiff demands judgment that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in, and to the Property and each and every part and parcel thereof; that the Property may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof

may be bought into Court; that Plaintiff may be paid the amount due on the Note and Mortgage as set forth herein, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of the Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of the Property during the pendency of this action with the usual powers and duties; and that Estate of Eugene Clement A/K/A Eugene Robert Clement may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment, and that if Plaintiff possesses any other lien(s) against the Property either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Property to Plaintiff, and that Plaintiff may have such other and further relief as is just and equitable.

Dated: Syosset, New York
      January 3, 2018            **THE MARGOLIN & WEINREB LAW GROUP, LLP**
                               Attorneys for Plaintiff, TOINY LLC,

                By:     */s/ Alan H. Weinreb*
                       Alan H. Weinreb, Esq.

9

165 Eileen Way, Suite 101
Syosset, New York 11791
(516) 921-3838
Alan@nyfclaw.com

EXHIBIT "A"

EXHIBIT "B"

EXHIBIT "C"

EXHIBIT "D"

EXHIBIT "E"