UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TOINY LLC,

                  Plaintiff,

        -against-

CAROL GILL, as heir and distributee of the Estate of
Eugene Clement also known as Eugene Robert Clement,
JARED CLEMENT, as heir and distributee of the Estate of
Eugene Clement also known as Eugene Robert Clement,
NEKISHA CLEMENT, as heir and distributee of the Estate
of Eugene Clement also known as Eugene Robert Clement,
JEWEL CLEMENT, as heir and distributee of the Estate of
Eugene Clement also known as Eugene Robert Clement,
CRIMINAL COURT OF THE CITY OF NEW YORK,
SUPREME COURT OF THE CITY OF NEW YORK,
COUNTY OF KINGS, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW YORK
CITY TRANSIT ADJUDICATION BUREAU, 585 LEX
CORP., FANTASIA HUNT, and PUBLIC
ADMINISTRATOR OF KINGS COUNTY,

                  Defendants.
-------------------------------------------------------------------X

**ORDER**

**18-CV-40 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Toiny LLC brings this action against the above-captioned Defendants, pursuant to New York Real Property Actions Proceeding Law ("RPAPL") § 1301, to foreclose a mortgage encumbering property at 585 Lexington Avenue, Brooklyn, New York 11221 (the "Property"). (See Am. Compl. ¶ 1 (Dkt. 7).) Plaintiff claims to be the owner and holder of a note (the "Note") and mortgage (the "Mortgage") that was originally executed by non-party Eugene Clement. (Id. ¶¶ 34-38.) After Clement's death in 2011, Defendants Carol Gill, Jared Clement, Nekisha Clement, and Jewel Clement were allegedly "named as Heirs to Mortgagor in the Petition for Administration filed with the Kings County Surrogate's Court." (Id. ¶ 38.) According to Plaintiff, Eugene Clement defaulted on the Note and Mortgage and his estate is indebted to

1

Plaintiff for unpaid principal, accrued and unpaid interest, and late charges, which collectively totaled $241,615.90 as of August 4, 2016. (Id. ¶ 43.)

On January 3, 2018, Plaintiff commenced this action against the individuals and entities that may have an interest in Eugene Clement's estate, including heirs and distributees. (See Compl. (Dkt. 1)).) None of Defendants answered or otherwise responded to the amended complaint within 21 days of service. (See Feb. 25, 2019 R&R ("R&R") (Dkt. 37) at 3.) In June and July 2018, Plaintiff secured certificates of default against each Defendant. (First Certificate of Default (Dkt. 24); Second Certificate of Default (Dkt. 27).) Plaintiff then moved for default judgment (Mot. (Dkt. 28)), and this court referred the motion to Magistrate Judge Vera M. Scanlon (Oct. 18, 2018 Order), who scheduled a status conference for November 15, 2018 (Nov. 1, 2018 Order).

Plaintiff served Defendants with a copy of the referral order and the scheduling order for the status conference before Judge Scanlon. (Certificate of Service (Dkt. 32).) Defendants Carol Gill and Jared Clement appeared at the November 15 conference and explained that they had not been served with any documents in connection with this case until the court's scheduling order for the status conference. (See Nov. 15, 2018 Order (Dkt. 33); R&R at 4.) At a follow-up conference on February 1, 2019, Gill's attorney informed Judge Scanlon that he represents Gill in ongoing state-court proceedings regarding the administration of Eugene Clement's estate, and that he anticipates that Gill will be appointed as the administrator of Eugene Clement's estate without restriction. (See R&R at 5.)

On February 25, 2019, Judge Scanlon issued an order and report and recommendation ("R&R") regarding Plaintiff's motion for default judgment. (R&R.) She noted that, under Federal Rule of Civil Procedure 55(c), courts "may set aside an entry of default for good cause."

(Id. at 5 (quoting Fed. R. Civ. P. 55(c)).) "As Rule 55(c) does not define 'good cause,' the Second Circuit has established the following criteria for deciding whether to vacate an entry of default: (1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." (Id. at 6 (quotation marks omitted) (citing Team Kasa, LLC v. Humphrey, No. 17-CV-1074 (JS) (AKT), 2018 WL 1867117, at *2 (E.D.N.Y. Jan. 24, 2018), report & recommendation adopted, 2018 WL 1083958 (E.D.N.Y. Feb. 26, 2018)).) Judge Scanlon found that all three factors weigh in favor of vacating Defendants' defaults. (Id. at 6-9.) Specifically, she found that (1) Gill's default was not willful because she has complied with every directive issued by Judge Scanlon; (2) Defendants may have several meritorious defenses; and (3) Plaintiff will not suffer prejudice as a result of vacating the defaults because Plaintiff did not commence this action until seven years after Eugene Clement allegedly first failed to make a necessary payment. (Id.)

Judge Scanlon also found that additional factors weigh in favor of vacating the defaults. In her view, it would be premature to try to resolve issues related to Eugene Clement's estate prior to Gill's appointment as its administrator and without permitting Gill to explore settlement and presentation of defenses. (Id. at 10.) Moreover, she explained, vacating all Defendants' defaults will grant the parties flexibility in coordinating any interests of the first lienholder of the Property with those of Plaintiff in this action. (Id.) She further noted that default judgements are generally disfavored in the Second Circuit. (Id. (citing, inter alia, Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)).) Accordingly, Judge Scanlon sua sponte[1] vacated the certificates of

---

[1] As Judge Scanlon noted (R&R at 5 n.3), courts may vacate certificates of default sua sponte. See Tr. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Coop., Pension & Welfare Funds v. Penco United, LLC, No. 13-CV-4745 (SJF), 2015 WL 518623, at *2 (E.D.N.Y. Feb. 5, 2015); see also U.S. Commodity Futures Trading Comm'n v. Lamarco, No. 17-CV-4087 (ADS), 2018 WL 2103208, at *1 (E.D.N.Y. May 7, 2018).

3

default as to the two appearing Defendants—Carol Gill and Jared Clement—and recommended that this court vacate the defaults of all non-appearing Defendants and deny Plaintiff's motion for default judgment as premature, without prejudice and with leave to renew should circumstances warrant doing so in the future. (Id.)

No party has objected to the R&R and the time in which to do so has passed. Fed. R. Civ. P. 72(b)(2). The court therefore reviews the R&R for clear error. Fed. R. Civ. P. 72, 1983 Advisory Committee's Notes; see Colvin v. Berryhill, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017).

Finding no clear error in the R&R, the court ADOPTS the R&R (Dkt. 37) in full. Accordingly, the certificates of default as to all Defendants are VACATED and Plaintiff's motion for default judgment (Dkt. 28) is DENIED as premature, without prejudice and with leave to renew should circumstances warrant doing so in the future.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March 27, 2019

NICHOLAS G. GARAUFIS
United States District Judge

4