UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TOINY LLC,                                                   :
                                                             :
                              Plaintiff,          :
                                                    :     **REPORT AND RECOMMENDATION**
                -against-                               :
                                                             :     18 Civ. 40 (NGG) (VMS)
CAROL GILL, as heir and distributee of the                   :
Estate of Eugene Clement also known as Eugene                :
Robert Clement, JARED CLEMENT, as heir and                   :
distributee of the Estate of Eugene Clement also             :
known as Eugene Robert Clement, NEKISHA                      :
CLEMENT, as heir and distributee of the Estate               :
of Eugene Clement also known as Eugene Robert                :
Clement, JEWEL CLEMENT, as heir and                          :
distributee of the Estate of Eugene Clement also             :
known as Eugene Robert Clement, CRIMINAL                     :
COURT OF THE CITY OF NEW YORK,                               :
SUPREME COURT OF THE CITY OF NEW                             :
YORK, COUNTY OF KINGS, NEW YORK                              :
CITY ENVIRONMENTAL CONTROL BOARD,                            :
NEW YORK CITY TRANSIT ADJUDICATION                           :
BUREAU, 585 LEX CORP., FANTASIA HUNT                         :
and PUBLIC ADMINISTRATOR OF KINGS                            :
COUNTY,                                                      :
                                                             :
                              Defendants.         :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff Toiny LLC ("Plaintiff") brings this action against Defendants Carol Gill, Jared Clement, Nekisha Clement and Jewel Clement, as heirs and distributees of the Estate of Eugene Clement, as well as against the Criminal Court of the City of New York, Supreme Court of the City of New York, County of Kings, New York City Environmental Control Board, New York City Transit Adjudication Bureau, 585 Lex Corp., Fantasia Hunt and the Public Administrator of Kings County (collectively, "Defendants"), pursuant to New York Real Property Actions & Proceedings Law ("RPAPL") § 1301 et seq., to, inter alia, foreclose a mortgage encumbering

1

property located at 585 Lexington Avenue, Brooklyn, New York 11221 (the "Property"). See generally Amended Complaint ("Am. Compl."), ECF No. 7. Presently before the Court is Plaintiff's unopposed motion for summary judgment.[1] ECF Nos. 56-59. For the following reasons, this Court respectfully recommends that Plaintiff's motion for summary judgment be denied.

I. BACKGROUND

   a. Procedural History

On January 3, 2018, Plaintiff commenced this action against those individuals and entities that may have an interest in Mr. Clement's estate, including heirs and distributees. See ECF No. 1. On the same date, Plaintiff's Counsel filed a Certificate of Merit pursuant to CPLR 3012-b. ECF No. 2. Plaintiff attached a copy of the Note and Mortgage to the Complaint. ECF Nos. 1-2, 1-3. Plaintiff filed an Amended Complaint on February 28, 2018. See Am. Compl. When all Defendants failed to answer or otherwise respond to the Amended Complaint, Plaintiff sought and received certificates of default for all Defendants. See ECF Nos. 23-24, 26-27. Plaintiff then filed a motion for default judgment of foreclosure and sale of the Property against all Defendants. See ECF Nos. 28-30. Subsequent to the motion's filing, Defendants Carol Gill and Jared Clement appeared before the Court, and attorney Michael Andrew Lehrman entered an appearance for Ms. Gill. See ECF Nos. 33-34. Given the two Defendants' participation in this case, and Ms. Gill's and Mr. Jared Clement's representations that they had never received a copy of the Summons and Amended Complaint, the undersigned vacated the certificates of default against Ms. Gill and Mr. Jared Clement, and recommended that the non-appearing Defendants'

---

[1] Plaintiff's papers include Notice of Motion, ECF No. 56; Plaintiff's Rule 56.1 Statement, ECF No. 57; Declaration of Plaintiff's Counsel Alan Smikun, ECF No. 58; Plaintiff's Exhibits A-I, ECF Nos. 58-1 through 58-9; and Plaintiff's Memorandum in Support ("Memo."), ECF No. 59.

certificates of default be vacated and that Plaintiff's motion for default judgment be denied as premature. See ECF No. 37. The District Court adopted the undersigned's recommendation. See ECF No. 39.

Ms. Gill and Mr. Lehrman then participated in this litigation, to a certain point. Ms. Gill filed an answer to the Amended Complaint, see ECF No. 42, and appeared via her attorney at Court conferences related to a potential mediation and discovery. See ECF Nos. 44-45. Ms. Gill raised as an affirmative defense that Plaintiff named the Public Administrator of Kings County, so as to obtain jurisdiction over Mr. Clement's estate, but the Public Administrator of Kings County only held Limited Letters of Administration for the sole purpose of defending Mr. Clement's estate in an unrelated Kings County Supreme Court action. See ECF No. 42 ¶ 21. As such, Ms. Gill's affirmative defense asserts that Plaintiff failed to include a necessary party to this action. See id.

During the pendency of this action, Ms. Gill petitioned to revoke the Limited Letters of Administration from the Public Administrator of Kings County and acquire full Letters of Administration to make herself the administrator of Mr. Clement's estate.[2] See Verified Petition to Remove the Public Administrator and Appoint Administrator D.B.N., No. 2011-2195/C/D, Petition filed 2/7/2018 (Kings Cnty. Sur. Ct.) ("Petition"); see also Order dated 2/1/2019; ECF Nos. 35, 41. The Court notes that in Ms. Gill's Petition for full Letters of Administration before the Kings County Surrogate's Court, Cheyvonne Clement and Jeanette Richards are listed as additional distributees. See Verified Petition to Remove the Public Administrator and Appoint

---

[2] The Court has reviewed the Kings County Surrogate's Court docket. A court may take judicial notice of the status of other lawsuits in other courts and the substance of court filings. See McKie v. Estate of Dickinson, No. 20 Civ. 2973 (KAM) (CLP), 2021 WL 3292516, at *5 (E.D.N.Y. Aug. 2, 2021).

Administrator D.B.N., No. 2011-2195/C/D, Affidavit filed 5/11/2018 (Kings Cnty. Sur. Ct.) ("Affidavit"). On December 18, 2018, Ms. Gill's Petition was approved by the Kings County Surrogate's Court, and Ms. Gill was subsequently issued the full Letters of Administration. See Verified Petition to Remove the Public Administrator and Appoint Administrator D.B.N., No. 2011-2195/C/D, Decision filed 12/18/2018 (Kings Cnty. Sur. Ct.) ("Decision"); Ex. I; ECF No. 37 at 5. In the Decision, Jared Clement, Nekisha Clement, Jewel Clement, Jeanette Richards and Cheyvonne Clement are listed as Mr. Clement's children. See Decision; ECF No. 37 at 5 n.2.

Plaintiff did not file an amended complaint naming Ms. Gill as the administrator of Mr. Clement's estate, did not serve Ms. Gill in her capacity as the administrator of Mr. Clement's estate, did not join Mr. Clement's estate as a party to this action, and, as previously noted in this Court's Report and Recommendation denying Plaintiff's motion for default judgment, did not name Cheyvonne Clement and Jeanette Richards as parties to this action. See ECF No. 37 at 5 n.2; see also id. at 8 ("In addition, the omission of possibly necessary parties Jeanette Richards and Cheyvonne Clement as Defendants to this action may be a defense to complete relief."). This Court also had previously discussed with counsel the need to conduct research and propose a way to amend this action to join Ms. Gill as the administrator after the issuance of the Letters of Administration to Ms. Gill. See Minute Entry dated 2/1/2019, FTR 11:22-11:24.

**II.     DISCUSSION**

"The necessary parties to a foreclosure action are those whose interest is claimed to be subject and subordinate to the plaintiff's lien, such as the record owner or person having an estate or interest in the property or one holding a later lien." See Dye v. Lewis, 67 Misc. 2d 426, 429 (Sup. Ct. Monroe Cnty. 1971), order modified on other grounds, 39 A.D.2d 828 (4th Dep't 1972). "[T]he absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion." Estate of Prospect v. New York State Teachers' Ret.

Sys., 13 A.D.3d 699, 700 (3d Dep't 2004) (internal quotation marks & citation omitted); see Lezette v. Bd. of Educ., Hudson City School Dist., 35 N.Y.2d 272, 282 (N.Y. 1974). Under New York law and procedure, the estate is usually a necessary party to a foreclosure action when the mortgagor has died. See Bayview Loan Servicing, LLC v. Sulyman, 130 A.D.3d 1197, 1199 (3d Dep't 2015) ("We find that decedent's estate is therefore a necessary party to this action, as the rights, interests and equities of all of the parties claiming an interest in the mortgaged premises should be settled and determined before any judgment of foreclosure and sale is entered[.]" (quotations & alterations omitted)); see RPAPL § 1311(1) (listing as a necessary defendant "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein"). "In certain circumstances, the estate of the mortgagor is not a necessary party to a mortgage foreclosure action." U.S. Bank Trust, N.A. v. Gedeon, 181 A.D.3d 745, 747 (2d Dep't 2020). For example, "'where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees,' in whom title to the real property automatically vests." NRZ Pass-Through Trust IV v. Tarantola, 192 A.D.3d 819, 821 (2d Dep't 2021) (quoting U.S. Bank Trust, 181 A.D.3d at 747).

  Plaintiff commenced this action by naming as Defendants Carol Gill, Jared Clement, Nekisha Clement and Jewel Clement, as the heirs and distributees of Mr. Clement's estate. On this summary judgment motion, this pleading is insufficient because "[t]he record contains insufficient information as to whether [they are] the only distributee[s]." See U.S. Bank Trust, 181 A.D.3d at 747 (holding the lower court properly vacated the judgment of foreclosure

5

because, without evidence all distributees had been named in the action, the estate was therefore a necessary party, and because the estate was also not named in the action, the court lacked jurisdiction).  Plaintiff has not submitted an affidavit or other evidence regarding whether any other distributees exist, or regarding Plaintiff's diligence to determine their existence.  As noted above, a review of the docket of the Kings County Surrogate's Court shows that Ms. Gill's Petition for Administration identified Jeanette Richards and Cheyvonne Clement as distributees.  See Affidavit, Decision.  They have not been named or served as parties in this action.  Questions of fact therefore exist as to "whether any distributees of the deceased mortgagor[], other than the defendants herein, retained an interest in the property such that they were necessary parties to the foreclosure action."  See Tarantola, 192 A.D.3d at 821.  Under these circumstances, the Court finds that Mr. Clement's estate is a necessary party, or alternatively, that Cheyvonne Clement and Jeanette Richards as distributees are necessary parties.

Plaintiff argues in its motion for summary judgment, without citing to any legal authority, that Ms. Gill's affirmative defense is moot "based upon Carol Gill petitioning to revoke the limited letters of administration issued to the Public Administrator of Kings County and to appoint herself as Administrator of the Estate of Eugene Clement.  Based on the foregoing, this is not a defense to the instant action and now moot based on the Decision appointing Carol Gill as Administrator of the Estate of Eugene Clement as the proper party."  Memo. at 22 (internal citation omitted).  Plaintiff's argument, however, misses a fundamental jurisdictional point.  "In order for the court to obtain jurisdiction over the administrator of an estate, the administrator must be served as prescribed in CPLR article 3."  MAC Mortg. Corp. v. Tuck, 299 A.D.2d 315, 315-16 (2d Dep't 2002) (citing Macomber v. Cipollina, 226 A.D.2d 435, 437 (2d Dep't 1996)); see N.Y. C.P.L.R. § 308 (Personal service upon a natural person).  Without service on the

6

estate's administrator in her capacity as administrator—or alternatively, service on all distributees—the Court does not have jurisdiction over the estate, and the Court cannot enter an effective judgment of foreclosure. See U.S. Bank Trust, 181 A.D.3d at 747 (affirming vacatur of judgment of foreclosure for lack of jurisdiction); JPMorgan Chase Bank, N.A. v. Milgrim, 169 A.D.3d 1020, 1022-23 (2d Dep't 2019) (vacating default judgment in foreclosure action for lack of jurisdiction).

Some courts have stated that the failure to join a necessary party warrants dismissal of a foreclosure action. See Assets Recovery 23, LLC v. Gasper, No. 15 Civ. 5049 (RJD) (CLP), 2018 WL 5849763, at *5 (E.D.N.Y. Sept. 11, 2018) ("A plaintiff's failure to join all interested and necessary parties as either plaintiffs or defendants to an action seeking to foreclose on real property is grounds for dismissal."), R&R adopted, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018); Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs., 139 F. Supp. 2d 462, 466 (S.D.N.Y. 2001) (under New York law, "all parties interested in the ownership of the lien to be foreclosed must be joined either as plaintiffs or defendants, and the failure to do so renders the proceeding jurisdictionally defective, requiring dismissal"). Other courts have taken the approach that the failure to join a necessary party means that party's rights are unaffected by judgment of foreclosure and sale, see JPMorgan Chase Bank, N.A. v. Salvage, 171 A.D.3d 438, 439 (1st Dep't 2019), and the foreclosure sale may be considered void as to the excluded party, see Bd. of Managers of Parkchester N. Condo. v. Alaska Seaboard Partners Ltd. Partnership, 37 A.D.3d 332, 333 (1st Dep't 2007); Dime Sav. Bank of New York, FSB v. Johneas, 172 A.D.2d 1082, 1083 (4th Dep't 1991).

The Court fails to see how entering a grant of summary judgment that is void as to Mr. Clement's estate and the two unnamed distributees could be useful to Plaintiff or be an efficient

use of judicial resources. Mr. Clement's "estate is [] a necessary party to this action, as the rights, interests and equities of all of the parties claiming an interest in the mortgaged premises should be settled and determined before any judgment of foreclosure and sale is entered." See Bayview Loan Servicing, 130 A.D.3d at 1199 (quotations & alterations omitted). Although Ms. Gill was served in her individual capacity (and prior to the issuance of the Letters of Administration appointing Ms. Gill as the administrator of Mr. Clement's estate), the present record does not show that she was named or served as the administrator of Mr. Clement's estate, and Plaintiff did not join Mr. Clement's estate in this action by motion, stipulation or otherwise. Plaintiff also has not named and served Jeanette Richards and Cheyvonne Clement, two estate distributees. In light of the foregoing, and erring on the side of caution, because this Court is not satisfied that Plaintiff exercised due diligence to confirm that it has named all of the distributees who have an interest in Mr. Clement's estate, and therefore, the Property; or because Plaintiff has not properly served Mr. Clement's estate nor joined Mr. Clement's estate as a party in this action, this Court will not recommend entering a judgment of foreclosure and sale of the Property.

I therefore respectfully recommend that the District Court deny Plaintiff's motion for summary judgment without prejudice and grant Plaintiff leave to file and serve an amended complaint naming the necessary defendants within forty-five days of the adoption of this Report and Recommendation, if it is adopted.

### III. OBJECTIONS

A copy of this Report and Recommendation is being filed on ECF. The Court will also mail it to Defendants Carol Gill, 19 Woodruff Ave, Apt. A3, Brooklyn, NY 11226; Jared Clement, 828 E. 48th St, Basement Apt., Brooklyn, NY 11203; Jewel Clement, 822 Summit

Lake Drive, West Palm Beach, FL 33406; and Nekisha Clement, 650 Ocean Avenue, Apt. 610, Brooklyn, NY 11226.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14)-day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals.  See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated:  Brooklyn, New York
            August 16, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge